**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-2191

TIMOFEI CHERNOV,

                    Petitioner,

          v.

LORETTA E. LYNCH, Attorney General,

                    Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  June 29, 2015                    Decided:  July 31, 2015

Before SHEDD, FLOYD, and THACKER, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Mark A. Urbanski, LAW OFFICES OF MARK A. URBANSKI, PLLC, Woodbridge, Virginia, for Petitioner. Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Shelley R. Goad, Assistant Director, Carmel A. Morgan, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timofei Chernov, a native and citizen of the Kyrgyz Republic, petitions for review of an order of the Board of Immigration Appeals ("Board" or "BIA") dismissing his appeal from the immigration judge's denial of his requests for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").* We have thoroughly reviewed the record, including the evidence presented to the immigration court and the transcript of Chernov's merits hearing. We conclude that the record evidence does not compel any factual findings contrary to those made by the immigration judge and affirmed by the Board, see 8 U.S.C. § 1252(b)(4)(B) (2012), and that substantial evidence supports the Board's decision to uphold the denial of Chernov's applications for relief. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992) ("The BIA's determination that [an applicant is] not eligible for asylum . . . can be reversed only if the evidence presented . . . [is] such that a reasonable factfinder would

---

* Chernov did not challenge in his administrative appeal the immigration judge's denial of his application for protection under the CAT. As such, to the extent that Chernov seeks review of the disposition of this claim, we lack jurisdiction to consider it. See 8 U.S.C. § 1252(d)(1) (2012); Kporlor v. Holder, 597 F.3d 222, 226 (4th Cir. 2010) ("It is well established that an alien must raise each argument to the BIA before we have jurisdiction to consider it." (internal quotation marks omitted)).

have to conclude that the requisite fear of persecution existed.").

We have also considered the various bases for Chernov's claim that the immigration judge's conduct at the merits hearing violated his due process rights. On this record, we, like the Board, are not persuaded that there was a defect that rendered the hearing fundamentally unfair or that, if there was, any prejudice resulted therefrom. See Anim v. Mukasey, 535 F.3d 243, 256 (4th Cir. 2008); see also 8 U.S.C. § 1229a(b)(1) (2012) (directing immigration judges to "interrogate, examine, and cross-examine the alien and any witnesses"); Iliev v. INS, 127 F.3d 638, 643 (7th Cir. 1997) (explaining that the immigration judge "has broad discretion to control the manner of interrogation in order to ascertain the truth"); cf. Cham v. Attorney Gen. of U.S., 445 F.3d 683 (3d Cir. 2006) (granting petition for review and holding the immigration judge violated due process in his conduct at the merits hearing, which included, among other things, "continually abus[ing] an increasingly distraught petitioner, rendering him unable to coherently respond to [the judge's] questions").

Accordingly, we deny the petition for review for the reasons stated by the Board. See In re: Chernov (B.I.A. Oct. 2, 2014). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

3

before this court and argument would not aid the decisional process.

<u>PETITION DENIED</u>
